UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL J. SIMMS, ) | |
| ) | |
| Petitioner, ) | CASE NO.  C06-1255-RSL-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| REED HOLTGEERTS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner is proceeding *pro se* in this petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner was convicted by a jury on June 29, 2006, for first degree robbery, second degree assault and unlawful possession of a firearm.  On July 25, 2006, he was sentenced to 393 months of imprisonment.  (Dkt. #1.)

On August 31, 2006, petitioner filed this § 2254 petition in this court.  (Dkt. #1)  However, because the habeas petition did not show that petitioner had pursued either direct appeal or any collateral proceedings to challenge his conviction and sentence, the Court declined to order service of the petition due to petitioner's apparent failure to exhaust his claims in state court.  On September 7, 2006, the Court issued an Order to Show Cause, notifying petitioner of the defect in his habeas petition and granting him thirty days from the date of the order to show cause why his petition should not be dismissed for failure to exhaust his claims.  (Dkt. #3.)

REPORT AND RECOMMENDATION
Page - 1

On September 15, 2006, petitioner filed a letter regarding this § 2254 petition, in which he states "I've ex[h]austed all my state remedies now so my most recent habeas corpus is acceptable." (Dkt. #4.) However, this statement alone fails to clarify whether petitioner has properly exhausted his state remedies as it does not clearly indicate that petitioner has presented the claims in his habeas petition to the highest state court, the Washington State Supreme Court. *See Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982) (A petitioner may satisfy the exhaustion requirement by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy remains available.). Furthermore, it is highly implausible that there has been adequate time for petitioner to fully exhaust his state court remedies because he filed this habeas petition only thirty-six (36) days after his sentencing.

Accordingly, because petitioner has failed to establish exhaustion of his state court remedies, this Court recommends that this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of September, 2006.

/s/ M. Benton
_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2